PARCHMAN *et al. v.* FRAZIER.

(Division A. April 18, 1932.)

[141 So. 275. No. 29894.]

318

Leftwich & Tubb, of Aberdeen, and **Brewer & Brewer,** of Clarksdale, for appellants.

**W. W. Venable,** and **Roberson & Cook,** all of Clarksdale, for appellee.

Argued orally by.**W. W. Venable** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The Baltzer Mercantile Company, a corporation, was adjudged a bankrupt, and the appellee was appointed trustee therefor. Thereafter he exhibited an original bill in the court below against the appellants, setting forth an alleged indebtedness by the appellants to the bankrupt, and praying for a judgment therefor. The bill alleges that the debt was originally due by the appellants to a partnership of which they were members, and was transferred by the partnership to the Baltzer Mercantile Company, a corporation organized for the purpose of taking over the assets and assuming the liabilities of the partnership.

The bill further alleges that the assignment to the Baltzer Mercantile Company of the partnership accounts and bills and notes receivable was not in writing, and that the corporation "held the same by equitable title" to which the appellee, the trustee in bankruptcy for the corporation, has succeeded. The case was tried on bill, answer, and proof, resulting in a decree for the appellee.

The record presents several questions for decision, but it will not be necessary for us to decide but one of them, the title vel non of the appellee to the debt sued on, for the reason that the conclusion we have reached relative thereto necessitates the reversal of the decree of the court and the rendition of a judgment here for appellants.

The evidence bearing on this question is, in substance, as follows: During and prior to the year 1929, the appellants owned a plantation which they were operating under the name of Baltzer Planting Company. They were also engaged in the mercantile business under the name of the Baltzer Mercantile Company, which mercantile business was managed by Strickland, who was to receive a percentage of the profits thereof. He had no interest in the planting business. In December, 1929, the

appellants and Strickland decided to incorporate their mercantile business, and to that end a statement of its assets and liabilities was prepared. Among the accounts appearing on the partnership books, and set forth in this statement, was one against the Baltzer Planting Company for advances made to tenants on the appellants' plantation, the correctness of which was not admitted by them. The corporation was formed in January, 1930, under the name of Baltzer Mercantile Company. In February, 1930, at a meeting of its stockholders, in which both of the appellants participated, the corporate officers were elected; Strickland, McCoy, and appellant Tubb being elected directors.

The minutes of the meeting, signed by the president and secretary of the corporation, recite that: "There was discussed and considered the matter of the purchase by the corporation as now organized and existing all of the assets of every kind and character of the Baltzer Mercantile Company, a co-partnership heretofore owned and conducted by C. L. Tubb and Hal Parchman, and it appearing to the satisfaction of the stockholders that an inventory of all the goods, wares and merchandise of every kind and character was made on or about December 31, 1929, and all of the bills receivable listed and valued and those that were not collectible charged out and off the books, and that a list of all liabilities was then and there made and an annual balance sheet made up by C. P. Strickland and other employees under him, who have heretofore been actively engaged in conducting said business and it further appearing also to the stockholders of the corporation that the inventory is in all respects correctly and properly made and represents the true and actual statement of all of the assets of said business, including the goods, wares and merchandise of every kind and character, fixtures, and other chattels, including also the bills receivable belonging to said business and that the balance sheet so prepared and existing

at the end of the year 1929, on December 31, 1929, represents a true and accurate statement of the affairs and business of said Baltzer Mercantile Company. It was therefore and thereupon agreed by and between the corporation and the said C. L. Tubb and Hal Parchman, who formerly owned and conducted said business, that all of said mercantile business including all assets described in the inventory shall be sold to the said corporation and by it taken over and operated as of January, 1930, and that the corporation will and does hereby assume and agree to pay all the outstanding liabilities of said business; that to this end the said C. L. Tubb and Hal Parchman have this day executed a bill of sale conveying all of said assets to the corporation under the terms and conditions above set out.''

No evidence relative to the bill of sale there referred to was introduced by the appellee.

The appellants introduced evidence to the effect that the bill of sale referred to in the minutes of the stockholders' meeting was signed and delivered at the meeting, and was left in the possession of Strickland. They then introduced evidence tending to show the loss of the original bill of sale, and, over the objection of the appellee, introduced a carbon copy thereof; the ground of the objection being that no notice had been served on the appellee to produce the original. The court reserved its ruling on this objection; and the record does not disclose that any ruling thereon was thereafter made.

The bill of sale, according to the carbon copy thereof, introduced in evidence, after conveying to the corporation the partnership's stock of goods, wares, merchandise, store fixtures, etc., proceeds as follows: ''We also hereby and as a part of the consideration aforesaid assign, sell, transfer and set over, without recourse, unto the said Baltzer Mercantile Company, Inc. (Incorporated) all of the choses of action, notes and accounts receivable of every kind now owned by the said Baltzer Mercantile Company, a co-partnership, and as

constituting a part of its said business; but this does not include the account of Baltzer Planting Company, which has been or shall be charged off the books in the manner as heretofore directed.''

In support of the decree of the court below, counsel for appellee say, in substance, that the minutes of the stockholders' meeting, in which the appellants participated, set forth the contract between the corporation and the appellants, from which it appears that the appellants promised to transfer the assets of their mercantile partnership to the corporation, that among the assets of that partnership, as disclosed by the written statement thereof prepared at the instance of the appellants and then before the stockholders, was the debt of the appellants here sued on, which promise of the appellants vested in the corporation the title to the partnership assets, including the debt here sued on, and that this equitable title could not be adversely affected by the failure of the appellants to thereafter assign this debt to the corporation.

One of two or more probable defects in this argument is that the recital in the minutes of the stockholders' meeting is not of a promise of the appellants to assign the assets of their mercantile partnership to the corporation, but is that they "have this day executed a bill of sale conveying all of said assets to the corporation under the terms and conditions stated." The recital is not of a promise to make an assignment, but of an assignment which had already been made. In the absence of proof that no such assignment was in fact made, it was incumbent upon the appellee to prove either by the assignment itself or by oral evidence, after a foundation therefor had been laid, that the debt here sued on was included in the assignment. This having been done, the appellee must fail without reference to the admissibility vel non of the carbon copy of the assignment introduced by the appellants.

Reversed, and bill dismissed.